**SO ORDERED.**

**SIGNED this 22 day of December, 2016.**

*Stephani W. Humrickhouse*
**Stephani W. Humrickhouse**
**United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 16-02827-5-DMW |
| BRIAN H. ROSE | CHAPTER 13 |
| DEBTOR | |

### ORDER GRANTING LIMITED RELIEF FROM AUTOMATIC STAY AND DETERMINING INTEREST IN PROPERTY

The matters before the court are the Motion for Relief from Stay ("Stay Motion") and the Motion to Determine Estate Property ("Property Motion") respectively filed by Amanda Rose ("Ms. Rose") on July 20, 2016 and August 29, 2016. The debtor filed a Response to Motion for Relief from Stay on August 1, 2016 and a Response to Motion Top [sic] Determine Estate Property on September 12, 2016. The court conducted a hearing on October 5, 2016 in Raleigh, North Carolina. J.M. Cook, Esq. and Marcia Kaye Stewart, Esq. appeared on behalf of Ms. Rose, Danny Bradford, Esq. appeared on behalf the debtor, and Michael B. Burnett, Esq. appeared on behalf of chapter 13 trustee John F. Logan, Esq.

Less than an hour prior to the hearing, Ms. Rose filed a Memorandum of Law in support of the Stay Motion and Property Motion. At the conclusion of the hearing, the court took these matters under advisement to allow it sufficient time to review Ms. Rose's memorandum as well as provide

the debtor time to file a written response, with Ms. Rose also being afforded an opportunity to further brief her position. Neither party elected to file additional memoranda. The court, having reviewed the pleadings and considered the arguments of counsel, makes the following findings of fact and conclusions of law:

## BACKGROUND

Ms. Rose and the debtor married on October 6, 2002 and separated on February 18, 2014. Ms. Rose initiated divorce proceedings against the debtor in the District Court of Johnston County, North Carolina ("State Court"), File Number 14 CVD 2380, and was subsequently granted an absolute divorce from the debtor. As part of the divorce proceedings, Ms. Rose filed a complaint against the debtor seeking, *inter alia*, alimony, child support, equitable distribution, and attorney's fees.

At the time of the parties' separation, their marital property[1] subject to equitable distribution consisted predominantly of the following assets: real property which served as the marital residence and the debtor's 401(k) account[2] and Employee Stock Option Plan ("ESOP") with Westlake Services Holding Company. Both the 401(k) account and the ESOP comply with the requirements of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 101 *et seq.*

On February 4, 2015, the State Court conducted a hearing on several claims of the parties, including interim equitable distribution. The State Court found that subsequent to the parties'

---

[1]The term "marital property" is extensively defined in the North Carolina Equitable Distribution Act and generally includes "all real and personal property acquired by either spouse or both spouses during the course of the marriage and before the date of separation of the parties, and presently owned, . . ." N.C. Gen. Stat. § 50-20(b)(1) (2013).

[2]A 401(k) account is an employer-sponsored retirement savings plan that allows employees to invest pre-tax income pursuant to 26 U.S.C. § 401(k).

separation, the debtor withdrew $22,000.00 from his 401(k) account without informing his attorney or Ms. Rose. On June 30, 2015, the State Court entered an Order on Interim Distribution Postseparation Support & Temporary Custody ("Interim Distribution Order")[3] which included the following provision enjoining further depletion of marital property:

> Neither party shall deplete any marital asset pending resolution of equitable distribution. The [debtor] shall provide [Ms. Rose] with all documentation relating to his 401k account and ESOP account . . . .

*Rose v. Rose*, File No. 14 CVD 2380, at p. 9, ¶ 26 (N.C. Dist. Ct., Johnston Co. June 30, 2015).

Subsequent to entry of the Interim Distribution Order, the debtor withdrew an additional $20,340.00 from his 401(k) account, prompting Ms. Rose to file a motion to hold the debtor in contempt for violating the Interim Distribution Order and a motion for interim distribution from the ESOP. On April 20, 2016 and continuing on May 16, 2016, the State Court conducted a hearing on these and other matters, including Ms. Rose's claims for alimony and attorney's fees. The State Court ruled orally that the debtor be held in civil contempt and that Ms. Rose receive from the debtor $1,000.00 per month as alimony, interim distribution of $42,340.00[4] from the ESOP, and reimbursement of attorney's fees in the amount of $5,000.00. Before the court's ruling could be reduced to written judgment, the debtor filed a voluntary petition for relief under chapter 13 of the United States Bankruptcy Code ("Code")[5] on May 27, 2016.

---

[3] At the hearing in this matter, the court took judicial notice of the Interim Distribution Order, a copy of which was provided by counsel for Ms. Rose.

[4] This amount represents the sum of the debtor's respective withdrawals of $22,000.00 and $20,340.00 from his 401(k) account.

[5] References to the Code, 11 U.S.C. § 101 *et seq.*, except for formal citations, shall be by section number only.

On July 18, 2016, the State Court entered an Order on Alimony & Contempt[6] which set forth its alimony award[7] and contempt of the debtor. This order includes the following provision:

> The [debtor] is hereby held in *civil contempt* of this court for his willful violation of the Court's order against depleting marital assets. The court stays any punishment or sentence for this violation pending the resolution of equitable distribution or further actions and/or conduct on his behalf pending final resolution of equitable distribution.

*Rose v. Rose*, File No. 14 CVD 2380, at p. 7, ¶ 2 (N.C. Dist. Ct., Johnston Co. July 18, 2016) (emphasis added).

Within the Order on Alimony & Contempt, the State Court determined that its awards of interim distribution from the ESOP and attorney's fees "shall be bifurcated and entered once the bankruptcy court has either lifted the automatic stay or the [debtor's] bankruptcy proceedings have concluded." *Id.* at p. 1. Despite this deferral, the order contains the following findings of fact: "[Ms. Rose] should be awarded $42,340.00 as an interim distribution from the [debtor's] ESOP account held with Westlake Financial . . . [and] has incurred reasonable attorney's fees in the amount of $5,000.00 in the prosecution of her alimony and contempt claims." *Id.* at p. 6, ¶¶ 36, 38.

In his bankruptcy schedules, the debtor disclosed ownership in an ERISA account described as "401(K) Westlake Services Holding Company. Not part of the estate. Value is $65,998.33 as of December 31, 2015." Schedule A/B: Property, ECF No. 1, *amended by* ECF No. 17. This value presumably encompasses both the debtor's 401(k) account and ESOP. The debtor claimed 100%

---

[6]The Order on Alimony & Contempt is attached to the Stay Motion as "Exhibit A."

[7]Alimony qualifies as a "domestic support obligation" as defined in the Code, and the automatic stay does not apply to civil proceedings "for the establishment or modification of an order for domestic support obligations; . . ." 11 U.S.C. § 362(b)(2)(A)(ii).

4

of the scheduled account as exempt pursuant to 29 U.S.C. § 1056(d). Schedule C: The Property You Claim as Exempt, ECF No. 1.

On October 11, 2016, Ms. Rose filed three proofs of claims in the debtor's chapter 13 proceeding: Claim Number 13 for the amount of $5,169.00 of child support; Claim Number 14 for ongoing alimony payments; and Claim Number 15 for the amount of $42,340.00 as interim distribution from the ESOP. On October 5, 2016, Ms. Rose's domestic counsel filed Claim Number 12 for her attorney's fees in the amount of $5,000.00. All of these claims are designated as unsecured, with the child support claim having priority status under § 507(a)(1)(A). The debtor's chapter 13 plan filed on September 2, 2016 provides for payment in full of the child support claim but does not propose a specific distribution amount to general unsecured creditors. Chapter 13 Plan – Amended, ECF No. 25. The plan's liquidation analysis indicates that general unsecured creditors would not receive distribution under a chapter 7 proceeding, thereby suggesting that they will receive little or no distribution under the plan. As of the court's entry of this Order, the trustee has not moved for confirmation of the plan.

In the Stay Motion, Ms. Rose requests the court to lift the automatic stay imposed by § 362(a) to allow the State Court to finalize its award of interim distribution and to permit Ms. Rose to collect upon this award from the ESOP. In the Property Motion, Ms. Rose additionally requests the court to determine that the ESOP is not property of the debtor's bankruptcy estate and that the State Court's injunction against depletion of marital property and interim award effectively vested Ms. Rose with a property interest in the ESOP which further justifies relief from the automatic stay.

In response, the debtor asserts that any relief from the automatic stay should be limited to allowing the State Court to make findings of fact with respect to Ms. Rose's claim for equitable distribution, and Ms. Rose should be specifically prohibited from taking action against the debtor's property or property of the bankruptcy estate. The debtor agrees that the ESOP is not property of his estate but contends that satisfaction of the interim award from the ESOP is nonetheless prohibited by the automatic stay.

## JURISDICTION

The Stay Motion, which necessarily includes a determination of the debtor's and Ms. Rose's respective interests in the ESOP as requested in the Property Motion, is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G). *In re Nexus Commc'ns, Inc.*, 55 B.R. 596, 598 (Bankr. E.D.N.C. 1985) (noting a motion to lift the automatic stay is a core proceeding). The court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334 and the authority to hear this matter pursuant to the General Order of Reference entered on August 3, 1984 by the United States District Court for the Eastern District of North Carolina.

## DISCUSSION

At the onset of the hearing, the court noted that this case presents strikingly similar facts and issues as recently addressed by it in the chapter 13 proceeding of Sean Demitrius Jones ("Mr. Jones"). Pursuant to an equitable distribution order entered by the New Hanover County District Court, Mr. Jones was directed to transfer to his ex-wife ("Ms. Jones") designated sums from his 401(k) and retirement accounts. Ms. Jones sought relief from the automatic stay to allow enforcement of these awards, arguing that they were in the nature of support and thus non-dischargeable pursuant to § 523(a)(5). With respect to the 401(k) account, the court rejected Ms.

6

Jones' position and agreed with Mr. Jones that the award was in the nature of a property distribution as described in § 523(a)(15) and thus subject to a chapter 13 discharge under § 1328(a).[8] *In re Jones*, Case No. 15-02044-5-SWH (Bankr. E.D.N.C. Mar. 21, 2016), *aff'd*, *Jones v. Jones*, Case No. 7:16-cv-00058-D (E.D.N.C. Dec. 5, 2016).  Finding stay relief inappropriate to enforce a dischargeable claim, the court denied Ms. Jones' motion as to the 401(k) obligation. *Id.*

Dissatisfied with the court's ruling, Ms. Jones not only appealed[9] the court's denial of stay relief as to Mr. Jones' 401(k) account but separately moved the court to confirm that the automatic stay was never in effect as to that account, because the account was not property of Mr. Jones' bankruptcy estate.  Ms. Jones contended that the 401(k) account was excepted from the automatic stay pursuant to § 362(b)(2)(A)(iv), which provides that the automatic stay does not apply to an action or proceeding "for the dissolution of a marriage, except to the extent that such proceeding seeks to determine the division of property that is property of the estate." 11 U.S.C. § 362(b)(2)(A)(iv).

The court first found that equitable distribution is not an action or proceeding for the "dissolution of a marriage" excepted from the automatic stay under § 362(b)(2)(A)(iv).[10] *Jones v. Jones*, 556 B.R. 219, 222 (Bankr. E.D.N.C. 2016).  Regardless of this conclusion, Ms. Jones

---

[8]While both domestic support obligations and domestic property distribution awards are excepted respectively under §§ 523(a)(5) and 523(a)(15) from an individual debtor's general discharge in chapters 7, 12, and 11 and hardship discharge in chapters 12 and 13, the chapter 13 "superdischarge" provided by § 1328(a) upon successful completion of a plan continues to except domestic support obligations but discharges property distribution debts.

[9]On December 5, 2016, the United States District Court for the Eastern District of North Carolina issued an Order affirming the court's decision. *Jones v. Jones*, Case No. 7:16-cv-00058-D (E.D.N.C. Dec. 5, 2016).

[10]In reaching this conclusion, the court extensively analyzed the meaning of "dissolution of a marriage" in concert with North Carolina laws relating to divorce and equitable distribution.

7

proffered that because the § 362(b)(2)(A)(iv) exception specifically does not apply to a proceeding to determine the division of property that *is* property of the estate, then the automatic stay must never apply to the division of property that *is not* property of the estate. *Id.* The court acknowledged that Mr. Jones' 401(k) account was not property of his bankruptcy estate but did not agree that the account was immune from the impact of the automatic stay. *Id.* at 223.

The court emphasized that "[t]he Code explicitly provides that a 'claim against the debtor' includes a 'claim against property of the debtor.'" *Id.* at 223 (quoting 11 U.S.C. § 102(2)). Section 362(a) stays "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding . . . to recover a *claim against the debtor* . . . [and] any act to collect, assess, or recover a *claim against the debtor* that arose before the commencement of the case . . . ." 11 U.S.C. §§ 362(a)(1), (6) (emphases added). In addition, the court noted that the Code specifically provides that the automatic stay does not apply to "the collection of a domestic support obligation from property *that is not property of the estate*." 11 U.S.C. § 362(b)(2)(B) (emphasis added). The court reasoned that this exception would be unnecessary if the automatic stay did not generally apply to property that is not property of the estate. *Jones*, 556 B.R. at 223.

The court rejected Ms. Jones' interpretation of § 362(b)(2)(A)(iv)[11] and determined that the automatic stay applied to actions against Mr. Jones' 401(k) account. *Id.* Having already ruled Ms. Jones' claim against the 401(k) account a dischargeable property distribution claim, the court once again declined to lift the stay with respect to that account. *Id.*

---

[11]The court noted that even if it "were to interpret § 362(b)(2)(A)(iv) as making the stay inapplicable to property that is not property of the estate, it would only apply to 'proceeding[s] seek[ing] to *determine the division* of property.'" *Jones*, 556 B.R. at 223 (quoting 11 U.S.C. § 362(b)(2)(A)(iv) (emphasis added)). Like Ms. Rose in the current case, Ms. Jones ultimately wanted to seek *collection* against property that is not property of the estate. *Id.*

8

In the case *sub judice*, the parties and the court agree that the ESOP is not property of the estate.[12] In the Property Motion, Ms. Rose suggests that the State Court's imposition of an injunction on depletion of marital property and subsequent finding that Ms. Rose was entitled to an interim award from the ESOP provided her with a protected interest in the ESOP. The court disagrees. The injunction did not create any property rights and is akin to a prohibitory preliminary injunction issued to preserve the status quo pending equitable distribution, and the State Court could not "go further and determine the final rights of the parties which must be reserved for the final trial of the action." *United Tel. Co. of Carolinas , Inc. v. Universal Plastics, Inc.*, 287 N.C. 232, 235, 214 S.E.2d 49, 51 (1975) (citations omitted). The interim award likewise did not create any property rights, as it is well-settled in this district that a spouse's statutory right to equitable distribution does not create a lien on specific marital property but is a general unsecured claim in a bankruptcy proceeding, regardless of whether the claim has been reduced to judgment. *Perlow v. Perlow*, 128 B.R. 412, 416 (E.D.N.C. 1991).[13] At the Hearing, Ms. Rose conceded that her claim for $42,340.00

---

[12]At the hearing, counsel for Ms. Rose argued that the ESOP is excluded from property of the estate pursuant to 11 U.S.C. § 541(c)(2) which provides that "[a] restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title." 11 U.S.C. § 541(c)(2). The United States Supreme Court held that an anti-alienation clause required of ERISA plans under 29 U.S.C. § 1056(d)(1) satisfies the requirements of § 541(c)(2), thus making ERISA qualifed accounts excluded from a debtor's bankruptcy estate. *Patterson v. Shumate*, 504 U.S. 753, 112 S. Ct. 2242, 119 L. Ed. 2d 519 (1992). Counsel for the debtor agreed and explained that he included the ESOP in the debtor's schedules only to disclose its existence and claimed the exemption under 29 U.S.C. § 1056(d) to illustrate why he did not believe the ESOP to be property of the estate. With the parties in agreement, the court need not further address its finding that the ESOP is not property of the debtor's estate.

[13]In *Walston v. Walston*, 190 B.R. 66 (E.D.N.C. 1995), the United States District Court for the Eastern District of North Carolina deviated from its holding in *Perlow* under circumstances not applicable in this case. In *Walston*, the court found that *Perlow* did not apply to military pensions which are intangible rights to future payments that are conditioned upon continuing obligations to the military and, therefore, beyond the reach of a chapter 7 trustee. *Id.* at 68.

9

is an unsecured claim for property distribution which is dischargeable in a completed chapter 13 proceeding.

Following *Jones*, the Stay Motion should be denied, because although not property of the estate, the ESOP is property of the debtor and protected by § 362(a); however, Ms. Rose argues that the State Court's contempt of the debtor distinguishes this case from *Jones* and justifies the requested relief. Ms. Rose contends that the State Court retains jurisdiction over the ESOP as a result of its injunction and should be permitted to enforce the contempt against the ESOP.

In support of her position, Ms. Rose relies upon a 1987 ruling by this district's inaugural bankruptcy judge, the late Honorable Thomas M. Moore, as that ruling is referenced by the North Carolina Court of Appeals in *Harris v. Harris*, 91 N.C. App. 699, 373 S.E.2d 312 (1988).[14] In *Harris*, the defendant was delinquent in child support payments to the plaintiff. Subsequent to the defendant's bankruptcy petition, the state district court ordered the defendant to convey his life estate in farmland to his minor children, who already held the remainder interest, so that the property could be sold and proceeds applied toward the child support. The state court also held the defendant in contempt of court for his failure to comply with the court's child support order.

The *Harris* defendant moved the bankruptcy court to void the transfer of his life estate, resulting in Judge Moore's order which declared that

> the life estate in question was in fact property of the bankrupt estate and was unavailable for satisfaction of delinquent child support payments. The Court also determined that plaintiff could continue her action for child support in state court and

---

[14]Judge Moore's unpublished order was entered on September 17, 1987 in the chapter 7 proceeding of Van Taylor Harris, Case Number 86-01811-8-TMM. The archives of this case are no longer available; therefore, the court can look only to the North Carolina Court of Appeal's summary for guidance.

10

> could attempt to collect upon any of defendant's properties which were not included in the bankrupt estate.

*Id.* at 701-02, 373 S.E.2d at 314. Ms. Rose interprets this summation to suggest that a state court can act upon its contempt powers with respect to property which is not part of a bankruptcy estate. Without the benefit of reading Judge Moore's order, this court can only speculate about the basis for his ruling but believes that it is not related to the defendant's contempt and is rather a recognition that unencumbered property of the estate cannot be used to satisfy the claims of one creditor to the exclusion of others. In *Harris*, the plaintiff's claim against the defendant was for child support which is a domestic support obligation excepted from discharge under § 523(a)(5). Allowing the plaintiff to pursue collection of this non-dischargeable claim against property outside the defendant's bankruptcy estate is logical and appropriate. The child support claim in *Harris* is not analogous to Ms. Rose's dischargeable claim for interim distribution from the ESOP.

The State Court specifically held the debtor in *civil* contempt. In North Carolina, while criminal contempt is punitive in nature and imposed in order to preserve the court's authority and to punish disobedience of its orders, civil contempt seeks to compel obedience with court orders, and a party may avoid the contempt by performing acts required by an order. *Watson v. Watson*, 187 N.C. App. 55, 61, 652 S.E.2d 310, 315 (2007) (citing *Bishop v. Bishop*, 90 N.C. App. 499, 504, 369 S.E.2d 106, 109 (1988); *O'Briant v. O'Briant*, 313 N.C. 432, 434, 329 S.E.2d 370, 372 (1985)). A civil contempt proceeding which is directed at the enforcement of financial obligations constitutes a collection action which is barred by the automatic stay. *In re Peterkin*, 102 B.R. 50, 52-53 (Bankr. E.D.N.C. 1989); *see also In re Newman*, 196 B.R. 700, 703-04 (Bankr. S.D.N.Y. 1996) (holding that actions for civil contempt are considered private collection devices and within the ambit of the automatic stay). Ms. Rose acknowledges that she wants the State Court to enforce its contempt of

11

the debtor by effectuating the collection of Ms. Rose's interim award from the ESOP. The court cannot grant relief from the automatic stay to allow collection of a dischargeable debt under the disguise of a contempt proceeding.

At the hearing, the court quickly cast off Ms. Rose's alternative argument under § 541(d) that as a result of the State Court's injunction against the depletion of marital property, the debtor only had legal title to the ESOP at the commencement of his bankruptcy case, with Ms. Rose holding an equitable interest. As explained *supra*, the injunction did not vest Ms. Rose with *any* property interest, legal or equitable, in the ESOP. Further, 11 U.S.C. § 541(d) addresses whether property in which a debtor holds only legal title and not an equitable interest becomes property of the estate, and it is already established that the ESOP is not property of the debtor's estate.

Although the court finds no legal justification for granting the relief requested by Ms. Rose, the court does not condone the debtor's depletion of marital property, especially after the State Court's injunction. At the hearing, the court contemplated whether Ms. Rose may have other available remedies such as objecting to confirmation of the debtor's chapter 13 plan or objecting to the dischargeability of the interim award under § 523(a)(6) should this case convert to chapter 7;[15] however, those issues are not before the court at this time.

## CONCLUSION

As to the Property Motion, the court hereby **DETERMINES** that the ESOP is not property of the debtor's bankruptcy estate but remains property of the debtor which is protected by the automatic stay. Ms. Rose's claim for equitable distribution is subject to discharge upon the debtor's

---

[15]Like with debts for property distribution under § 523(a)(15), debts for wilful or malicious injury by the debtor to another entity as set forth in § 523(a)(6), are discharged in a completed chapter 13 case under 11 U.S.C. § 1328(a).

12

successful completion of a confirmed chapter 13 plan, and the court declines to lift the automatic stay to allow either Ms. Rose or the State Court to take action against the ESOP. The court agrees with the debtor's suggestion at the hearing that it is appropriate to allow the State Court to allocate which portion of the attorney's fees incurred by Ms. Rose are related to the non-dischargeable alimony award and will grant relief for this limited purpose; now therefore,

The Stay Motion be, and hereby is, **GRANTED** for the sole purpose of allowing the State Court to bifurcate Ms. Rose's claim for recovery of attorney's fees from the debtor between her alimony and property distribution claims but is **DENIED** as to all other actions by Ms. Rose or the State Court against the debtor or his property, including the ESOP.

**END OF DOCUMENT**